Court now calls case 117-470 people of the state of Illinois v. Juan Williams. You ready to proceed? Ready? May it please the court. My name is John Nowak. I'm an assistant state attorney in Illinois in this case. The offense of aggravated unlawful use of a weapon for carrying a firearm outside the home without having been issued a valid firearm owner's identification card is constitutional under the proportionate penalties clause of the Illinois Constitution. It simply has different and additional elements when compared to the Misdemeanor Void Card Act offense. While there are several differences that we point out in our statutes, the most obvious one is the AUUW offense includes an additional element of being outside the home. For the Void Card Act offense, the state merely has to prove that a defendant acquired or possessed a firearm without having in his or her possession at that time a valid void card. In the specific words, and this is a very short statute, the Void Card Act, because it is so simple, it says, quote, no person may acquire or possess any firearm, stun gun, or taser within the state without having in his or her possession a firearm owner's identification card previously issued in his or her name by the Department of State Police under the provisions of this act, period, end quote. There's simply no outside the home element in that offense. In contrast with the AUW statute, the people in addition to proving the defendant was carrying a firearm on or about his person or in any vehicle without having been issued a valid void card, the people must also prove that that defendant was outside his home. In the specific language for that part of the AUW offense, the people must prove the defendant was not on, quote, his or her land or in his or her abode, legal dwelling, or fixed place of business, end quote. The defendant points out that possessing a firearm while not in the state statute and the Fall Card Act. Does this mean that the elements of the two offenses are identical despite their slightly different wording? Absolutely not, Your Honors, because even if those other, those particular elements were the same, the AUW offense includes an additional element, and that is being outside the home. So in that respect, the AUW offense, because it has that extra element, it is the greater offense. And in that context, the Void Card Act offense is a lesser-included offense. So in that context, as this Court held in Hauschild and in Clements, if one offense has an additional element such that one offense is the greater offense and the other is a lesser-included offense, then there cannot be a proportionate penalties violation because those elements are simply not the same. If one crime has that additional element, making it the Hauschild and Clements, not identical. They simply are not identical crimes. Here with AUW, again, even if those other elements were the same, and as we explained in our briefs, there are other differences, but that outside the home element is in addition to possessing that firearm without a void card. For that reason alone, this statute is constitutional. Now the Circuit Court, and the defendant follows this reasoning, the Circuit Court found this statute unconstitutional because it believed that Aguilar eliminated the outside the home element from the AUW offense. We know now, from this Court's decision in Mosley earlier this year, that that outside the home element remains a part of the AUW statute. In Mosley, this Court held that that subsection A3A of AUW, it was held unconstitutional in Aguilar, but that is severable from the remainder of the AUW statute. And this Court specifically upheld the continued validity of the AUW offense for not possessing a void card, or not having a void card issued in his name. And in listing the elements of the offense, in paragraph 18 of Mosley, this Court specifically stated that outside the home was an element of AUW. And again, it is simply not in the Void Card Act offense. And under Hauschild and Clements, that is the end of the analysis. Because AUW has that additional element, it is constitutional and does not have the identical elements of the Void Card Act offense. For these reasons, and those in our briefs, we ask that this Court uphold the constitutionality of that AUW offense, reverse the judgment of the Circuit Court, and remand further proceedings. Thank you. May it please the Court and Council. My name is Sophia Atchison. I'm with the Office of the Cook County Public Defender, and I represent Juan Williams. On April 2, 2013, Juan was arrested and charged with AUW for having a firearm when he did not have a void. The Aggravated Unlawful Use of Weapons Statute, or AUUW Statute, and the Void Card Act, both criminalize this behavior, but they punish it differently. So the question becomes whether these statutes contain identical elements. When you look at the statutes as actually applied to the charged conduct in this case, you reach the same conclusion as the lower court, that the answer is yes. The flaw in the state's argument is that it equates identical elements with identical language, and that is not the test. Now, the state has attempted similar arguments in People v. Christie, People v. Lewis, and People v. Clemens. All three cases involved a comparison of two statutes to determine if they contained identical elements. And in each case, this court determined that they did, and that there was a violation of the Proportionate Penalties Clause. All three cases involved a comparison of the Armed Violence Statute, in other words, the commission of any felony while armed with a weapon, to another offense in Christie, Aggravated Kidnapping, and in Lewis and Clemens, Armed Robbery. Each case is instructive to the present case, because each applied the identical elements test to the statute in light of the specific facts of the charged conduct involved in those cases. The Armed Violence Statute does not contain any specifics regarding the type of felony or the exact weapon used. It is only when the facts of each case are inserted that the identical elements test is applied. For example, in Christie, a knife with a blade of at least three inches. So is this a constitutional argument as applied, or is this a facial constitutional argument? Well, the lower court did talk about this being a facial unconstitutionality, but what I believe the court was getting at was that as it applies to the facts in this case, the AUW statute is unconstitutional. And that is really more of an as applied argument. So what is your argument? Is it that this is as applied? That under the facts of this case, the AUW statute is unconstitutional, because the way that Juan Williams was charged, it is equivalent, and the elements are equivalent to that in the Floyd-Kardak. So you're, are you conceding that there are, could be a set of facts in which it would be constitutional? We would concede that there are some facts and scenarios where AUW would still be constitutional. In the same way that armed violence is, in some applications, still constitutional. In fact, this court in Clemens observed that identical elements test has never required that the two statutes be equally specific. These cases, therefore, inform this court that the dismissal of this case must be affirmed. The state's own brief on page 11 outlines the charges against Juan Williams, and essentially they boil down to carrying or possessing a firearm and having not been issued a Floyd card. As charged by the state in this case, AUW and Floyd contain the same elements. Now the state attempts to distinguish these statutes by picking apart the words in each statute in a chart that's outlined on page 10 of its brief. But an examination of their chart reveals that it only supports the fact that the elements are identical. The state has made reference to an outside the home element, and that is the first row of their chart. They talk about a location limitation. The reality is that AUW may specify or exempt certain locations, but the Floyd Act encompasses all locations. And that simply highlights that the elements are, in fact, the same. Particularly, as applied, as acknowledged in the state's own brief, the Floyd Card Act applies whether you're inside or outside the home. Every violation of AUW under those facts, then, would also be a violation of the Floyd Card Act. Similarly, they argue that, in row two, that possession, in terms of honor about his personal language, in AUW is somehow different from acquisition and possession in the state. Again, the specific language in AUW is simply encompassed by the Floyd Card Act's language. For a firearm to be honor about the person means that that person must acquire or possess it. How would that be different, counsel, than when you say that the Floyd Card encompasses all locations? If someone had a drug charge and there was a drug charge for being within so many feet of a school, you know, selling within so many feet of a school, would you say, well, it's encompassed by the, just that there's a drug charge, it encompasses all location, or would the location be a different element, a separate element? I believe in that case, it would be a separate element that the state would have to prove, but that is slightly different from the case that we have here, which is that the baseline conduct is possessing the firearm, and the Floyd location still applies if you're in your home. Well, wouldn't the basis be the selling of the drug? I mean, isn't selling of the drug not having a, possessing a firearm, wouldn't that be the same? I'm trying to understand why that is not a separate element. Your Honor, it's not a separate element, because as applied in this case, you have the possession of the firearm, it really is encompassed within the language of the Floyd card, whether it's in the home or outside the home, and you have these, in this case, the possession being outside the home, there really is no argument that supports that that would be a separate element that the state would actually have to prove. There is no way that anyone would ever be charged with AUW and not have a Floyd Card Act charge that would also be a potential available charge under those facts, and particularly under the facts in this case. Does that not make it a lesser-included offense then? Correct? Well, no. The state has argued that somehow the Floyd is the lesser- included offense to AUW, but if you look at the state's own brief and the Colton case that they've cited on page 10, whether a particular offense is lesser- included, that argument must be made on a case-by-case basis using the factual description of the charged offense in the indictment. This supports our argument that you must actually look to the factual description of the charged offense. In addition, if this Court were to entertain an argument that this is a lesser, that Floyd is a lesser- included offense of AUW, again looking at Colton, the description is that a lesser offense would be included in the charged offense if the factual description of the charged offense describes in a broad way the conduct necessary for the commission of the lesser offense. The broader statute here is actually the Floyd statute, and it is the statute that actually encompasses the language of the AUW statute, but that is not the case here. The conduct here falls squarely underneath both the AUW statute and the Floyd-Cardack statute. How does Mosley impact your argument? Your Honor, Mosley did not deal with a charge. It was a severability issue, and so I don't believe that Mosley does impact this case. Counsel, getting back to something Justice Tice raised, just to make it clear in my mind, are you challenging this law as applied or on its face? The court order said it's been unconstitutional both as applied to and as applied to. What is your position? I do recognize that that's the language used by the lower court's order. I do believe that this is more of an as-applied argument. Would you concede, Counsel, that possessing inside the home is less egregious than possessing outside the home? No, I would not, and Counsel made reference to Aguilar in that line of cases, and although this is not a Second Amendment issue, Aguilar is important in terms of the context of the argument that the state makes there, in that they've argued that possessing a firearm outside one's home deserves to be punished more harshly than possessing a firearm inside the home. The state's problem is that they are assuming that everyone with the firearm is a criminal, and in fact, the US Supreme Court in DC v. Heller, McDonald v. Chicago, and the Seventh Circuit in Moore v. Madigan recognize that the principle that is, well actually in what this court also adopted in Aguilar, is that the principle that drives the Second Amendment is a law-abiding citizen who is engaging in self-defense, and that that is a lawful purpose, and therefore outside one's home is precisely where a firearm is needed the most. In fact, Judge Posner specifically noted that a person is more likely to be attacked on the streets of Chicago than in their own home. But if they don't have a FOIA card, they are a criminal. You said we're assuming that they're a criminal inside or outside the home, well we're dealing with defendants that do not possess a FOIA card, right, which in itself is violent. That's correct, but the question is how do you compare the person inside the home without the FOIA card and the person outside the home without the FOIA card? Is some conduct more egregious than the other? I think that's a question that the legislature would have to try to answer. That kind of oversteps and goes to the super-legislature type of arguments that the Identical Elements Test actually lets us avoid. Well, if we find that it's more egregious to possess without a FOIA card outside the home, then we have to have a FOIA card outside the home. Would there be a proportionate penalty problem, or could that punishment be more severe than the inside the home punishment? Well, if we have a person outside the home, they could be subject to a misdemeanor or a felony. But we have state attorneys who are unfortunately always going to seek the more severe sentence. That's exactly the issue that was trying to be avoided by the previous cases outlined here. That was the charge that the state, the only charges that the state chose to charge Juan Williams with in this case. When the FOIA card act would have been available to charge in this case as well. They did not choose to charge those offenses in this case. Again, there is no factual scenario where AUW applies but FOIA does not. In People v. Clemens, this court echoed the language of Christie, stating common sense and sound logic need not be strangers to the law. A common sense logical examination of the AUW statute and the FOIA card act when applied to a person who possesses a firearm but does not have a valid FOIA card makes it clear that they contain identical elements. Having found that the elements contained were identical, the trial court dismissed the charges against Mr. Williams. This was the appropriate remedy because in exercising its prosecutorial discretion, again, the state chose not to charge Juan Williams with any of the FOIA card act violations. They only charged the felony AUW offense, which clearly violates the proportionate penalties clause. Where no other charges remain, the appropriate remedy is dismissal of all the charges that impose a harsher penalty. Therefore, we ask that this court affirm the trial court's dismissal of the charges against Mr. Williams and find that the AUW statute violates the proportionate penalties clause. Thank you. Thank you. Thank you. May it please the court. In a proportionate penalties analysis, it is never as applied. It is always facial. It is always a statutory comparison. It is the beginning and the end of every proportionate penalties analysis under the identical elements test. As this court has explained, the benefit of the identical elements test is that it is completely objective. Here, defendant argues that under the FOIA card act, the people don't have to prove where the firearm possession occurred. Well, that's certainly true, and that is true of any time an offense is a lesser included offense of another. For instance, defendant's argument applies equally to the offense of robbery and armed robbery. For robbery, the people never have to prove what type of weapon was used. You don't have to prove that there was armed with a firearm or armed with any weapon. Whereas with armed robbery, there is that additional element of proving the defendant actually was armed with a weapon. So under the defendant's analysis here in robbery, you never have to prove there's a weapon or not a weapon. So it must be the same and identical as armed robbery. That's simply not the case. Because defendant's argument applies equally in any time there's a greater offense and a lesser included offense. Like with robbery and armed robbery, like with the FOIA card act offense and AUW offense. In here, the AUW offense, there is no argument the defendant can make that will write the outside the home element into the FOIA card act or that will write it out of the AUW statute. That is an additional element that makes it the greater offense. And that is precisely why AUW has been, the legislature made that a felony versus a misdemeanor for the FOIA card act offense. Because for AUW, the state must prove that outside the home element. And the legislature has made that determination. Not this court. The legislature has made that determination that the unlicensed possession of a gun outside the home is more dangerous than the unlicensed possession of a gun inside the home. So that's why with this additional element, it is clearly a greater offense than the lesser included offense of FOIA card act. And under Hosschild and Clemens, this court has repeatedly held that the identical elements test, there simply are not identical elements when one offense is the greater and the other is the lesser included. Now defendant here talks about Christie, Lewis, Hosschild, and Clemens. Those are all cases involving comparisons to the armed violence statute. That is not an issue here. This is simply looking at the AUW statute and the FOIA card act. And we know from this court's decision mostly in February of this year, that the outside the home element remains part of the AUW offense. So in short, because one is the greater offense, the AUW offense is the greater offense, and the misdemeanor FOIA card effect is the lesser included offense. Because there's that additional element. In addition to the other differences between these two statutes that we explained in our brief. But that alone is dispositive of this case. Because it's got that extra element of outside the home, it's the greater offense, and it's constitutional in the portion of penalties clause. For these reasons, and those in our briefs, we ask this court uphold the constitutionality of the AUW offense, reverse the judgment of the circuit court, and remand for further proceedings. Thank you. Case number 117470, People of the State of Illinois v. Ron Williams, will be taken under advisement as agenda number two. Mr. Nowak and Ms. Atchison, thank you for your arguments this morning. You are excused. Marshal, the Supreme Court stands adjourned until 930.